

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–1400–06

**TERRY HACKLER, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SECOND COURT OF APPEALS
## COOKE COUNTY

**Meyers, J.,** *filed a dissenting opinion.*

## <u>DISSENTING OPINION</u>

I fail to see how a video of the victim's child's birthday party is in any way relevant to determining the length of Appellant's sentence. Victim impact evidence is supposed to show the harm suffered by the victim's family as a result of the death of the victim. A video depicting an event that occurred prior to the accident does not show this. Victim character evidence is evidence that shows the unique characteristics of the life that was taken. While the video of the victim's daughter's birthday party shows that the

victim was the mother of a young child, I disagree with the majority that such evidence is relevant here. Victim character evidence is only relevant if it has a direct link to the circumstances of the case. What would happen if the victim of a drunk driving accident was a drug dealer and the defense wanted to admit evidence of the victim's criminal record in order to show that he had a low value to society and that, in essence, the defendant did society a favor by ridding the earth of this criminal? Certainly we would not allow such irrelevant evidence to be admitted. The Supreme Court stated in *Payne v. Tennessee*, 501 U.S. 808, 823, that "victim impact evidence is not offered to encourage comparative judgments of this kind – for instance, that the killer of a hardworking, devoted parent deserves the death penalty, but that the murderer of a reprobate does not. It is designed to show instead each victim's 'uniqueness as an individual human being,'. . . ." But the video showing the victim's child's birthday party does not show the victim's uniqueness as an individual or the good qualities possessed by the victim. Rather, it showed only that the victim had a young daughter, which did not in any way relate to the circumstances of the case or to Appellant's moral culpability in causing the victim's death. It is very sad that the behavior of the Appellant caused the death of someone, however, the fact that the victim was a mother should not be used to increase the defendant's sentence any more than evidence that the victim was a criminal should be used to decrease the sentence.

Under Rule of Evidence 401, "'Relevant evidence' means evidence having any

tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." To what fact of consequence to the determination of the action does this evidence relate? In my opinion, the video focusing on the victim's child is not relevant to Appellant's personal responsibility for the drunk driving accident. Additionally, because the video focuses not the victim but on her child, there is great danger of unconsciously misleading the jury. *See Salazar v. State*, 90 S.W.3d 330, 337. For these reasons, this evidence should not have been admitted, therefore I respectfully dissent.

Meyers, J.

Filed: February 6, 2008

Do Not Publish